IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leo McClam,                                  )<br>                                              )<br>            Plaintiff,                       )<br>                                              )<br>        vs.                                   )<br>                                              )<br> Ms. Dieisha NLN; Dr. McDonald NFN;           )<br> State of South Carolina,                     )<br>                                              )<br>            Defendants.                       )<br>                                              ) | C/A No.: 3:13-1006-TLW-JRM<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action against the State of South Carolina and two individuals. Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Judge. For the reasons that follow, the undersigned recommends the District Judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff's pleading indicates that he has been "in the custody of the [South Carolina Department of Mental Health] SCDMH" since October 4, 2012. ECF No. 1 at 1. Plaintiff alleges that he is in need of help "to save my life" and that he "is presently not delusional or a threat to myself or anyone around me." *Id.* Plaintiff claims that he has a place to stay if released from SCDMH custody and seeks immediate release "so that he can register as a sexual predator and check out mental health services." *Id.* at 2. Plaintiff also requests an immediate trial date. *Id.* at 1–2.

1

II.     Discussion

     A. Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

2

B. Analysis

Plaintiff does not expressly reference the Constitution and its Amendments in this case. However, Plaintiff alleges that he is in the custody of a state agency and names the State of South Carolina and two individuals as defendants in this case. Therefore, Plaintiff's pleadings have been construed as a complaint filed pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

As an initial matter, Plaintiff fails to provide any personal allegations against the individuals listed in this case: Ms. Dieisha NLN and Dr. McDonald NFN. Although a court must liberally construe a *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). Additionally, while Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief, *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), because a court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). Plaintiff also fails to allege that the individually named defendants are state actors, and purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *see also Burton v. Wilmington*

3

*Parking Auth.*, 365 U.S. 715, 721 (1961).  Therefore, Defendants Ms. Dieisha NLN and Dr. McDonald NFN are entitled to summary dismissal from this case.

Next, Plaintiff names the State of South Carolina as a defendant. The Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Such immunity extends to arms of the state, including a state's agencies and instrumentalities.  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).  While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[1] Because the State of South Carolina is protected by the Eleventh Amendment from any claims raised by Plaintiff under § 1983, Defendant State of South Carolina is also entitled to summary dismissal from this action. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).

Finally, Plaintiff seeks release from SCDMH custody, ECF No. 1 at 2, which is not available under § 1983.  *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a petitioner who challenges the fact or duration of his confinement and seeks immediate or speedier release). It is further noted that Plaintiff fails to allege exhaustion of state remedies, which is required prior to filing a habeas petition.  *See* 28 U.S.C. § 2254(b)(1)(A).  Thus, even if construed as a petition for habeas relief, the instant case would be subject to summary dismissal.

---

[1] Congress has not abrogated the states' sovereign immunity under § 1983. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).  Further South Carolina has not consented to suit in federal district court. *See* S.C. Code Ann § 15-78-20(e).

III.     Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

June 10, 2013  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).